NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARTY ALLAN ALSTON, | : | |
| Petitioner, | : | Civ. No. 18-10138 (PGS) |
| v. | : | |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : | MEMORANDUM |
| Respondent. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

1.      Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1).

2.      Petitioner was convicted of first-degree kidnapping, N.J. STAT. ANN. § 2C:13-1(b); first-degree robbery, N.J. STAT. ANN. § 2C:15-1; second-degree possession of a weapon for an unlawful purpose, N.J. STAT. ANN. § 2C:39-4(a); third-degree theft by unlawful taking, N.J. STAT. ANN. § 2C:20-3(a); third-degree criminal restraint, N.J. STAT. ANN. § 2C:13-2(a); and third-degree unlawful possession of a weapon, N.J. STAT. ANN. § 2C:39-5. (ECF No. 1-2 at 51).

3.      The New Jersey Superior Court, Appellate Division affirmed Petitioner's convictions and sentence on July 21, 2010. (ECF No. 1-1 at 4). The New Jersey Supreme Court denied certification on January 7, 2011. (*Id.*). *See also State v. Alston*, 12 A.3d 209 (N.J. 2011).

4.      Petitioner filed a petition for post-conviction relief ("PCR") on April 13, 2012. (ECF No. 1-1 at 4). The petition was denied without an evidentiary hearing on September 25, 2014.  (ECF No. 1-2 at 15).

5.      The Appellate Division affirmed the denial of the PCR petition on March 10,

2017. (ECF No. 1-1 at 4; 1-2 at 50). The New Jersey Supreme Court denied certification on June

15, 2017. (ECF No. 1-2 at 28). *See also State v. Alston*, 169 A.3d 983 (N.J. 2017).

6.      This § 2254 petition followed on June 1, 2018. (ECF No. 1 at 17).

7.      Petitioner's habeas petition is governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a

petitioner seeking to challenge his state conviction and sentence through a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

8.      Petitioner's conviction became final ninety days after the New Jersey Supreme

Court denied certification of Petitioner's direct appeal on January 7, 2011. His one-year statute

of limitations began to run on April 8, 2011.

9.      Although a properly-filed PCR petition tolls the statute of limitations, *see* 28

U.S.C. § 2244(d)(2), Petitioner's year expired on April 9, 2012, four days before he filed his

PCR petition on April 13, 2012.[1] Nothing remained in the statutory period to toll. He then waited almost another year before filing his § 2254 petition.

10.    AEDPA's statute of limitations is subject to equitable tolling in appropriate cases, however. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

11.    "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

12.    "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

13.    In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Id.* at 802-03 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

14.    "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Id.*

---

[1] April 6, 2012 was Good Friday. The time to file a petition was therefore extended to Monday, April 9, 2012. Fed. R. Civ. P. 6(a)(1)(C).

15.     In the interests of justice, Petitioner shall be ordered to show cause why his petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

16.     Any response by Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations.

17.     An appropriate order follows.


DATED: Nov 6        , 2018

_____
PETER G. SHERIDAN
United States District Judge