NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTY ALLAN ALSTON, | : |
| Petitioner, | : Civ. No. 18-10138 (PGS) |
| v. | : |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : MEMORANDUM |
| Respondents. | : |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on Marty Alston's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (ECF No. 1). The Court issued an Order to Show Cause why the petition should not be dismissed as time-barred on November 7, 2018. (ECF No. 5). Having reviewed Petitioner's arguments in support of equitable tolling, (ECF No. 7), the Court will dismiss the petition with prejudice as untimely.

I.

Petitioner was convicted of first-degree kidnapping, N.J. STAT. ANN. § 2C:13-1(b); first-degree robbery, N.J. STAT. ANN. § 2C:15-1; second-degree possession of a weapon for an unlawful purpose, N.J. STAT. ANN. § 2C:39-4(a); third-degree theft by unlawful taking, N.J. STAT. ANN. § 2C:20-3(a); third-degree criminal restraint, N.J. STAT. ANN. § 2C:13-2(a); and third-degree unlawful possession of a weapon, N.J. STAT. ANN. § 2C:39-5. (ECF No. 1-2 at 51). The New Jersey Superior Court, Appellate Division affirmed Petitioner's convictions and

sentence on July 21, 2010. (ECF No. 1-1 at 4). The New Jersey Supreme Court denied certification on January 7, 2011. (*Id.*). *See also State v. Alston*, 12 A.3d 209 (N.J. 2011).

Petitioner filed a petition for post-conviction relief ("PCR") on April 13, 2012. (ECF No. 1-1 at 4). The petition was denied without an evidentiary hearing on September 25, 2014. (ECF No. 1-2 at 15). The Appellate Division affirmed the denial of the PCR petition on March 10, 2017. (ECF No. 1-1 at 4; 1-2 at 50). The New Jersey Supreme Court denied certification on June 15, 2017. (ECF No. 1-2 at 28). *See also State v. Alston*, 169 A.3d 983 (N.J. 2017).

Petitioner filed his § 2254 petition on June 1, 2018. (ECF No. 1 at 17). The Court administratively terminated the petition as Petitioner did not pay the filing fee or submit an *in forma pauperis* application. (ECF No. 2). After receiving the filing fee and reviewing the petition under 28 U.S.C. § 2254 Rule 4, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely. (ECF No. 5). Petitioner responded that he should be granted the benefit of equitable tolling because officials at South Woods State Prison ("SWSP") delayed mailing his PCR petition in April 2012. (ECF No. 5). The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II.

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d

Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

### III.

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2).

In its Rule 4 review, the Court noted that the petition appeared to be time-barred on its face. (ECF No. 4). Petitioner's conviction became final ninety days after the New Jersey Supreme Court denied certification of Petitioner's direct appeal on January 7, 2011: April 7, 2011. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) ("[T]he expiration of the time for seeking direct review is the deadline for petitioning for certiorari to the United States Supreme Court."). His one-year statute of limitations began to run on April 8, 2011. Because Petitioner did not file a PCR petition until April 13, 2012, (ECF No. 1-1 at 4), the statutory period was not tolled and a timely § 2254 petition was due on April 9, 2012.[1] Petitioner's § 2254 petition, not filed until June 1, 2018, is therefore barred unless equitable tolling is applicable. The Court gave Petitioner notice and opportunity to argue for the application of equitable tolling in an Order to Show Cause. (ECF No. 5).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

Petitioner argues that the Court should apply equitable tolling for the period between April 3 and April 12, 2012 because SWSP officials allegedly delayed mailing his PCR petition to the PCR Court. (ECF No. 7 ¶ 4). He asserts that the Court should consider the PCR petition

---

[1] April 6, 2012 was Good Friday. The time to file a petition was therefore extended to Monday, April 9, 2012. Fed. R. Civ. P. 6(a)(1)(C).

4

"filed" as of April 3, 2012 because that is the date when he ostensibly handed the petition to SWSP officials for mailing. (*Id.*). He contends the delay in the mailing date was beyond his control and he has otherwise been diligently pursuing his rights. (*Id.*). The Court considers this argument both as an argument for the application of the "prisoner mailbox rule" to his PCR petition, *see Houston v. Lack*, 487 U.S. 266 (1988) (holding that pro se prisoner's habeas petition is deemed filed the moment he delivers it to prison officials for mailing), and as an argument for equitable tolling for the period between April 3 and 12, 2012.

The Court declines to apply the prisoner mailbox rule to Petitioner's PCR petition. Primarily, Petitioner has submitted no evidence that he submitted his PCR petition to SWSP officials on April 3, 2012. However even assuming arguendo that he did give the petition to prison officials on that date, state law governs when a post-conviction relief petition is "properly filed" for purposes of tolling AEDPA's statute of limitations. *See Pace*, 544 U.S. at 414 (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). New Jersey courts have not determined whether to apply the "prisoner mailbox rule" to PCR petitions. *Oliver v. Lee*, No. A-1669-10, 2012 WL 1414081, at *3 (N.J. Super. Ct. App. Div. Apr. 25, 2012) (declining to determine whether "prisoner mailbox rule" applies to post-conviction relief petitions). "Other courts in this district have determined that under New Jersey law, a petition for post-conviction relief is deemed filed when it is received by the court." *Scott v. Nogan*, No. 16-5294, 2019 WL 1352845, at *2 (D.N.J. Mar. 26, 2019) (citing cases). Petitioner's PCR court considered April 13, 2012 to be the filing date. (ECF No. 1-2 at 19). Based on the persuasive authority from other courts in this district and in the absence of contrary authority from the New Jersey state courts, the Court finds that Petitioner's PCR petition was filed on April 13, 2012 when it was received by the PCR Court regardless of when he handed it to prison officials for mailing.

Whether the petition was "filed" on April 3 or April 13, 2012 does not change the ultimate result because the § 2254 petition is untimely even if the Court equitably tolls the time between April 3 and April 12, 2012. As previously noted, Petitioner's one-year statute of limitations began to run on April 8, 2011. Giving Petitioner the benefit of equitable tolling for argument's sake only, AEDPA's statutory period ran for 361 days between April 8, 2011 and April 2, 2012. It was then tolled under 28 U.S.C. § 2244(d)(2) from April 3, 2012 until June 13, 2017 when the New Jersey Supreme Court declined to review Petitioner's PCR petition. (ECF No. 1-2 at 28). The AEDPA statute of limitations does not reset after post-conviction relief proceedings have concluded. *See Johnson v. Hendricks*, 314 F.3d 159, 161–62 (3d Cir. 2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("We therefore hold that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Therefore, there were only four days remaining in the statutory period during which Petitioner could have filed a timely § 2254 petition with the limitations period expiring on June 19, 2017.[2]

Petitioner filed his § 2254 petition on June 1, 2018, (ECF No. 1), and has provided no explanation for this second, nearly year-long delay in filing his § 2254 petition. "To the extent Petitioner's untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period." *Wilson v. Warden, SCI Graterford*, No. 3:16-CV-1636, 2018 WL 3770060, at *3 (M.D. Pa. Aug. 9, 2018). *See also Holland v. Fla.*, 560 U.S. 631, 651–52 (2010) (noting that miscalculation that leads to the

---

[2] June 17, 2017 was a Saturday. Fed. R. Civ. P. 6(a)(1)(C).

missing of a filing deadline and other "excusable neglect" does not warrant equitable tolling). The Court therefore denies equitable tolling and will dismiss the petition as untimely.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

## IV.

For the reasons stated above, the habeas petition is dismissed as untimely. A certificate of appealability shall not issue.

An appropriate order follows.

DATED: May 30th, 2019

_____
PETER G. SHERIDAN
United States District Judge